FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Dec 12, 2017
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| SHAY FERGUSON and JOSHUA COLEMAN, individually and on behalf of all others similarly situated | | PLAINTIFFS |
| v. | CASE NO. 17-5257 PKH | |
| ARKANSAS SUPPORT NETWORK, INC. | | DEFENDANT |

## COLLECTIVE ACTION COMPLAINT

### I. INTRODUCTION

1. This is an action for unpaid overtime and minimum wage under the Fair Labor Standards Act. Defendant Arkansas Support Network, Inc. employs home care workers, known as "direct support professionals," to assist individuals with developmental disabilities. Plaintiffs were employed by Arkansas Support Network as direct support professionals. Plaintiffs worked long shifts — generally 12 hours per day — and regularly worked 60 hours per workweek. Despite working long hours assisting those individuals with developmental disabilities, Plaintiffs were not paid overtime compensation for their hours worked over 40. Moreover, Plaintiffs oftentimes did not receive the minimum wage for their hours worked up to 40 in a workweek. Plaintiffs were not exempt from the Fair Labor Standards Act's overtime and minimum wage requirements.

2. In or around November 2017, Arkansas Support Network issued checks for "back wages owed" to some current and former employees. The Company claimed the

check amounts were calculated by the United States Department of Labor, but employees were not informed how the amounts were calculated and were expressly told that no explanation could be provided. Moreover, the employees were not informed that they were required to waive their rights to accept the payment. As a result, those employees who accepted the checks did not waive their FLSA rights.

3. Plaintiffs bring suit on behalf of themselves and others similarly situated to recover unpaid overtime, minimum wage, liquidated damages, attorneys' fees and expenses, and any other relief the Court deems just and proper.

## II. Parties, Jurisdiction, and Venue

4. Plaintiff Shay Ferguson is a citizen of Washington County, Arkansas. Ferguson worked for Arkansas Support Network as a direct support professional from approximately March 2006 until 2008 and again from 2011 until October 2016. From 2008 until 2011, Ferguson worked as a house manager for Arkansas Support Network. During the past three years, Ferguson has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation. Also, during the past three years, Ferguson was not paid the minimum wage for all his hours worked up to 40 in a workweek. His consent to join this action is attached as Exhibit "A."

5. Plaintiff Joshua Coleman is a citizen of Madison County, Arkansas. Coleman is currently employed by Arkansas Support Network as a direct support professional. Coleman has worked for Arkansas Support Network as a direct support professional since approximately March 2012. During the past three years, Coleman has worked more than 40 hours in one or more workweeks, and he was not paid overtime

compensation. Also, during the past three years, Coleman was not paid the minimum wage for all his hours worked up to 40 in a workweek. His consent to join this action is attached as Exhibit "B."

6. Defendant Arkansas Support Network, Inc. is a domestic non-profit corporation. Arkansas Support Network employs home care workers, known as direct support professionals, to assist individuals with developmental disabilities. Arkansas Support Network is an employer of Plaintiffs and putative class members within the meaning of the Fair Labor Standards Act. Arkansas Support Network can be served through its registered agent Keith Vire, 6836 Isaac's Orchard Road, Springdale, Arkansas 72762.

7. At all relevant times, Plaintiffs and the putative class members have been entitled to the rights, protections, and benefits of the Fair Labor Standards Act.

8. At all relevant times, Plaintiffs and the putative class members have been "employees" of Defendants. 29 U.S.C. § 203(e).

9. At all relevant times, Defendants were the "employers" of Plaintiffs and the putative class members. 29 U.S.C. § 203(d).

10. Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; and 28 U.S.C. § 1331.

11. Venue lies within this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this district. Specifically, throughout the relevant period, Defendant Arkansas Support

Network's headquarters was in this district and Plaintiffs regularly provided services to Arkansas Support Network's clients in this district.

### III. FACTS

16. At all pertinent times, Defendant Arkansas Support Network has been engaged in activities and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and therefore constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r) and (s).

17. At all pertinent times, Defendant Arkansas Support Network has had an annual gross volume of sales made or business done of not less than $500,000.00, and therefore, constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r) and (s).

18. Arkansas Support Network is or was, at all relevant times, Plaintiffs' "employer" as that term is defined by 29 U.S.C. § 203(d).

19. Plaintiffs are or were each an "employee" of Arkansas Support Network as that term is defined by 29 U.S.C. § 203(d).

20. Defendant Arkansas Support Network, Inc. provides various services to assist its clients, individuals with developmental disabilities, inside the client's home. http://www.supports.org/programs/community-living-services/ (last accessed December 11, 2017).

21. To provide these in-home services, Arkansas Support Network employed Plaintiffs and putative class members as "direct support professionals." Throughout the relevant period, the position has also been referred to as a "community support professional."

22. In that position, Plaintiffs provided support and assistance to assigned clients in the home of those individuals. *See (Job Desc.* [Ex. C]).

23. Plaintiffs' and putative class members' job duties included assisting the clients with medications, completing household chores, keeping watch over the clients to ensure they did not harm themselves or others, and other duties. *See (Job Desc.* [Ex. C]).

24. Typically, Arkansas Support Network's clients require 24-hour supervision and assistance. To provide round-the-clock coverage, Arkansas Support Network usually assigns two direct support professionals per client.

25. Plaintiffs and putative class members worked long shifts. To provide 24-hour coverage, Plaintiffs and putative class members were scheduled to work 12-hour shifts, usually 5 days per week.

26. For example, during the last several years of his employment, Plaintiff Ferguson typically worked the night shift. He was scheduled to arrive at his client's home at 8:00 p.m. and he would work until his relief arrived at 8:00 a.m. Ferguson would then again return to the patient's home at 8:00 p.m. to start the process over.

27. Despite working overnight, Ferguson was required to stay alert throughout the evening and could not sleep during the shift. Arkansas Support Network required Ferguson and other direct support professionals to remain alert because their charges

might attempt to leave the residence during the night and could be a risk to themselves or others.

28. Plaintiffs and putative class members also worked additional shifts on the weekends. Upon information and belief, weekend shifts were usually staffed on a volunteer basis. In those situations, direct support professionals would cover additional 12-hour shifts.

29. At times, however, Plaintiffs and putative class members were left with no choice but to work additional weekend shifts. If, for example, a direct support professional's shift ended at 8:00 a.m. Saturday morning, but their relief did not show up to work, that employee would be required to work the following 12-hour shift. As a result, it was not uncommon for direct care professionals to work 24 hours straight, or more.

30. Despite working over 40 hours in a workweek, Plaintiffs and putative class members were not paid overtime compensation for their hours worked over 40.

31. Instead, Plaintiffs and putative class members are paid either an hourly rate or a flat fee. Upon information and belief, some direct support professionals were paid an hourly rate for each hour of their shift. Other direct support professionals were paid a flat fee ranging between $60-89 per shift. Despite receiving an hourly rate or a flat fee, however, Plaintiffs and putative class members were not paid overtime compensation for their hours worked over 40.

32. Each Plaintiff worked in excess of 40 hours in at least one or more workweeks during the past three years. Arkansas Support Network did not pay Plaintiffs

an overtime premium when they worked over 40 hours in a workweek. Plaintiffs and those similarly situated are entitled to payment for any hours worked over 40 in a workweek at one-and-a-half times their regular rate of pay.

33. In addition, Plaintiffs and putative class members were oftentimes paid less than the minimum wage for their hours worked. For example, Plaintiff Coleman was paid a flat fee of $65 for each 12-hour shift. At that rate, Coleman's effective hourly rate was $5.41 per hour — far less than the FLSA's required minimum wage of $7.25 per hour.

34. Upon information and belief, each Plaintiff was paid less than the federal minimum wage in at least one or more workweeks during the past three years. Plaintiffs and those similarly situated are entitled to be paid at least the federal minimum wage for all hours worked up to 40 in a workweek.

35. In or around November 2017, Arkansas Support Network issued checks for "back wages owed" to some current and former employees. (*Back Wages Letter* [Ex. D]).

36. Plaintiffs and putative class members were told very little about their "back wages owed," other than the payment related to "a change in labor laws in late 2015 surrounding the use of Per Diem payments for overnight compensation shifts [the employees] worked." (*Back Wages Letter* [Ex. D]).

37. The Company represented that the United States Department of Labor performed the calculations and determined the timing of the payments. (*Back Wages Letter* [Ex. D]).

38. Neither the check nor check stub included information about a potential waiver. *See* (*Redacted Check and Check Stub* [Ex. E]) (bank account, routing, and social security numbers redacted).

39. Upon information and belief, when the employees received the check they were not informed that acceptance of the check could result in a waiver of FLSA rights, and they did not receive or sign any materials indicating that acceptance of a check could serve as a waiver of their FLSA rights.

40. The Company claimed the check amounts were calculated by the United States Department of Labor, but no information was provided to the employees of how the amounts were calculated or the consequences of cashing those checks. Because Plaintiffs and putative class members were not provided proper notice that acceptance of the check acted as a settlement of their potential claims, Plaintiffs and putative class members have not waived their rights under the FLSA. *See Beauford v. ActionLink, LLC*, 781 F.3d 396, 405–08 (8th Cir. 2014).

### IV. COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

42. Plaintiffs bring this action as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act on behalf of all persons who were, are, or will be employed by Arkansas Support Network, Inc. as direct support professionals throughout the United States.

43. Plaintiffs reserve the right to modify or amend the proposed class definition subject to additional information gained through further investigation and discovery.

44. Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action because putative class members are similarly situated to Plaintiffs.

45. There are numerous similarly situated direct support professionals who worked for Arkansas Support Network who would benefit from the issuance of Court-supervised notice of the instant lawsuit and the opportunity to join in the present lawsuit. Similarly situated employees are known to Arkansas Support Network and readily identifiable through payroll records Arkansas Support Network is required to keep by law. 29 U.S.C. § 211(c).

46. There are questions of law and fact common to Plaintiffs and others similarly situated, which predominate over any questions affecting individual members only. These factual and legal questions include, but are not limited to:

    a. Which individuals and entities are considered "employers" of Plaintiffs and putative class members under the FLSA;

    b. Whether Arkansas Support Network satisfied its obligation to pay Plaintiffs and others similarly situated the minimum wage and overtime payments required by the FLSA;

    c. Whether Arkansas Support Network's actions were willful;

    d. Whether Arkansas Support Network complied with its recordkeeping obligations under the FLSA;

      e.      Whether Plaintiffs and putative class members are entitled to liquidated damages;

      f.      Whether Plaintiffs and putative class members are entitled to attorneys' fees, costs, and expenses.

47.    Arkansas Support Network acted and refused to act on grounds generally applicable to Plaintiffs and others similarly situated.

48.    Plaintiffs' claims are typical of the claims of the putative class in that Plaintiffs and others similarly situated were denied overtime and minimum wage because of Arkansas Support Network's policies and practice. This is the predominant issue that pertains to the claims of Plaintiffs and the members of the putative class.

49.    Plaintiffs' FLSA damages, and those of all putative collective action members, should be able to be calculated mechanically based on records Arkansas Support Network is required to keep. 29 C.F.R. § 513.28. If Arkansas Support Network failed to keep records as required by law, Plaintiffs and class members will be entitled to damages based on the best available evidence, even if it is only estimates. *See Anderson v. Mt. Clemens*, 328 U.S. 680, 687 (1946). Arkansas Support Network cannot benefit from its failure, if any, to maintain records required by law.

50.    The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

51.    Plaintiffs will fairly and adequately protect the interests of the putative class, as their interests are in complete alignment with others similarly situated, i.e., to

prove and then eradicate Arkansas Support Network's illegal practice of not paying direct support professionals overtime compensation and minimum wage.

52. Plaintiffs' counsel is experienced with class/collective litigation, has previously served as class counsel in FLSA litigation, and will adequately protect the interests of Plaintiffs and others similarly situated.

53. Plaintiffs and the proposed FLSA Class they seek to represent have suffered, and will continue to suffer, irreparable damage from the illegal policy, practice, and custom regarding Arkansas Support Network's pay practices.

54. Arkansas Support Network has engaged in a continuing violation of the FLSA.

55. Plaintiffs and all other similarly-situated direct support professionals were denied overtime and minimum wage because of Arkansas Support Network's illegal practices. These violations were intentional and willfully committed.

### V. CLAIM I:
### FLSA: FAILURE TO PAY MINIMUM WAGE
### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)

56. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

57. At all relevant times, Plaintiffs and others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

58. At all pertinent times, Defendant Arkansas Support Network has been engaged in activities and has had employees engaged in commerce or in the production

of goods for commerce, or employees handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and therefore constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r) and (s).

59. At all pertinent times, Defendant Arkansas Support Network has had an annual gross volume of sales made or business done of not less than $500,000.00, and therefore, constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(r) and (s).

60. Arkansas Support Network is or was, at all relevant times, Plaintiffs' "employer" as that term is defined by 29 U.S.C. § 203(d).

61. Plaintiffs are or were each an "employee" of Arkansas Support Network as that term is defined by 29 U.S.C. § 203(d).

62. The FLSA requires Arkansas Support Network, as a covered employer, to compensate all non-exempt employees for all hours worked at a rate not less than the minimum wage set forth in 29 U.S.C. § 206. The minimum wage applicable to Plaintiffs and others similarly situated is $7.25 per hour.

63. Plaintiffs and others similarly situated are entitled to compensation for all hours worked up to 40 in a workweek at a rate not less than $7.25 per hour.

64. At all relevant times, Arkansas Support Network, pursuant to its policies and practices, failed and refused to compensate Plaintiff and others similarly situated for work performed at the minimum wage required by the FLSA.

65. Arkansas Support Network violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 206(a)(1), by failing to pay Plaintiffs and others similarly situated for all hours worked at the minimum wage rates prescribed therein. These violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

66. Arkansas Support Network has neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA. As a result, Plaintiffs and other similarly-situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 215(b). Alternatively, should the Court find Arkansas Support Network acted in good faith in failing to pay its employees minimum wage, Plaintiffs and all similarly-situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

67. Because of Arkansas Support Network's violations of law, Plaintiffs and others similarly situated are entitled to recover from Arkansas Support Network attorneys' fees, litigation expenses, and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### VI. CLAIM II:
### FLSA: FAILURE TO PAY OVERTIME
### (PLAINTIFFS INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED)

68. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

69. Section 207(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all time worked over forty hours per workweek.

70. Plaintiffs and those similarly situated were not exempt from the overtime provisions of the FLSA.

71. Plaintiffs and those similarly-situated employees regularly worked in excess of forty hours per workweek without overtime compensation from Arkansas Support Network.

72. Arkansas Support Network violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) by failing to pay Plaintiffs and putative class members overtime compensation for all hours worked in excess of forty each week.

73. Arkansas Support Network knew or should have known that Plaintiffs and others similarly situated were entitled to overtime pay and knowingly and willfully violated the FLSA by failing to pay Plaintiffs and others similarly situated overtime compensation, therefore these violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq.*

74. Arkansas Support Network has neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA. As a result, Plaintiffs and other similarly-situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 215(b). Alternatively, should the Court find Arkansas Support Network acted in good faith in failing to pay its

employees their overtime wages, Plaintiffs and all similarly-situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

75. Because of Arkansas Support Network's violations of law, Plaintiffs and putative class members are entitled to recover from Arkansas Support Network attorneys' fees, litigation expenses and court costs, pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

### VII. Prayer for Relief

WHEREFORE, Plaintiffs, on behalf of themselves and the class of similarly-situated individuals they seek to represent, respectfully request this Court:

a. Enter an order certifying Plaintiffs' claims brought under the Fair Labor Standards Act for treatment as a collective action;

b. Designate Plaintiffs as Class Representatives;

c. Appoint Holleman & Associates, P.A. as class counsel;

d. Enter a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

e. Enter a permanent injunction restraining and preventing Arkansas Support Network from withholding the compensation that is due to their employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Fair Labor Standards Act;

f. Enter an Order for complete and accurate accounting of all the compensation to which Plaintiffs and all other similarly-situated employees are entitled;

  g. Award Plaintiffs and all putative class members compensatory damages in an amount equal to the unpaid back wages at the applicable minimum wage and overtime rates from three (3) years prior to this lawsuit through the date of trial;

  h. Award Plaintiffs and all putative class members liquidated damages in an amount equal to their compensatory damages;

  i. Award Plaintiffs and all putative class members punitive damages;

  j. Award Plaintiffs and all putative class members all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

  k. Grant Plaintiffs and all putative class members all such further relief as the Court deems just and appropriate.

## VIII. Jury Demand

Plaintiffs demand a jury trial on all issues so triable.

HOLLEMAN & ASSOCIATES, P.A.
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5043

Respectfully Submitted,

*/s/ Timothy A. Steadman*

John Holleman, ABN 91056
jholleman@johnholleman.net
Timothy A. Steadman, ABN 2009113
tim@johnholleman.net
Jerry Garner, ABN 2014134
jerry@johnholleman.net