IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHAY FERGUSON and
JOSHUA COLEMAN, each individually and
on behalf of all others similarly situated                                                      PLAINTIFFS

v.                                              Case No. 5:17-CV-5257

ARKANSAS SUPPORT NETWORK, INC.                                                          DEFENDANT

OPINION AND ORDER

Before the Court is Plaintiffs Shay Ferguson and Joshua Coleman's motion (Doc. 14) for conditional certification of collective action and brief in support (Doc. 15). Defendant Arkansas Support Network, Inc. (ASN) filed a response (Doc. 16), and Plaintiffs filed a reply (Doc. 19). The Court has considered the parties' filings and supporting documents and, for the following reasons, finds that Plaintiffs' motion should be GRANTED IN PART and DENIED IN PART.

**I.      Background**

ASN is an Arkansas nonprofit corporation that provides a range of services to assist individuals who experience developmental disabilities throughout Arkansas. Ferguson worked for ASN as a direct support professional from 2006 until 2008 and again from 2011 until 2016. Coleman is currently employed by ASN as a direct support professional, a role he has been in since 2012. Direct support professionals, who have also been referred to as community support professionals, provide support and assistance to clients in the homes of those individuals. Plaintiffs contend that they were not paid a minimum wage or overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq*. Specifically, Plaintiffs contend that Defendant improperly classified direct support professionals as exempt from the FLSA under the companionship services exemption. *See* 29 U.S.C. § 213(a)(15) (the FLSA contains a

companionship services exemption for "any employee employed in domestic service employment to provide companionship services for individuals who (because of age or infirmity) are unable to care for themselves (as such terms are defined and delimited by regulations of the Secretary)").

Plaintiffs seek conditional certification of their FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). In addition, Plaintiffs request that the Court order Defendant to disclose contact information for putative class members, authorize issuance of notice to putative class members, approve of their proposed notice and consent to join form (Doc. 14-1), and order Defendant to provide notice of this lawsuit to putative class members.

## II. Discussion

### 1. Conditional Certification

Under § 216(b) of the FLSA, a collective action for unpaid minimum wage or unpaid overtime compensation may be maintained against an employer by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is pending." 29 U.S.C. § 216(b). Therefore, the FLSA "allows as class members only those who 'opt-in.'" *Schmidt v. Fuller Brush Co.*, 527 F.2d 532, 536 (8th Cir. 1975).

The FLSA gives the Court "the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). "The court has a 'responsibility to avoid the "stirring up" of litigation through unwarranted solicitation' of potential opt-in plaintiffs . . . but the district court

should, 'in appropriate cases,' exercise its discretion to facilitate notice to potential plaintiffs." *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 890 (N.D. Iowa 2008) (citations omitted).

Neither § 216(b) nor the Eighth Circuit Court of Appeals has defined when "other employees [are] similarly situated" so that collective action certification and authorization of notice is appropriate. *Davenport v. Charter Commc'ns., LLC*, 2015 WL 164001, *4 (E.D. Mo. Jan. 13, 2015). However, most courts within the Eighth Circuit, including this Court, most frequently use a two-stage approach for collective action certification under § 216(b). *See e.g.*, *Resendiz-Ramirez v. P & H Forestry, L.L.C.*, 515 F. Supp. 2d 937, 941 (W.D. Ark. 2007) ("The Court is convinced that the more prudent approach is to use the two-stage certification analysis that is used by a majority of courts, including a majority of district courts in the Eighth Circuit."). Nothing in Eighth Circuit or United States Supreme Court precedent requires district courts to utilize this approach; rather, "[t]he decision to create an opt-in class under § 216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court." *Bouaphakeo*, 564 F. Supp. 2d at 891.

The two-stage approach to certifying a collective action is divided into (1) the notice stage and (2) the opt-in or merits stage. *Resendiz-Ramirez*, 515 F. Supp. 2d at 940-41.

At the notice stage, plaintiffs face a lenient burden to show that they are "similarly situated" to the putative collective action class. *Id.* at 941. To meet this lenient burden, plaintiffs must make a modest factual showing that plaintiffs and putative class members were victims of a common decision, policy, or plan of the employer that affected all class members in a similar manner. *Id.* "Although credibility determinations and findings of fact are not required at this stage, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency." *Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL 211943, *2 (E.D. Mo.

3

Jan. 27, 2009) (citation omitted). "During the notice stage, the court makes a decision–usually based only on the pleadings and affidavits which have been submitted-whether notice should be given to potential class members." *Resendiz-Ramirez*, 515 F. Supp. 2d at 940. "If the court allows for notification, the court typically creates conditional certification of a representative class and allows notice to be sent to the potential opt-in plaintiffs." *Id.*

At the opt-in or merits stage, typically precipitated by a motion to decertify by the defendant after discovery is largely complete, plaintiffs seeking to maintain the collective action bear a higher burden to show that they are similarly situated and that the case should continue to trial as a collective action. *Kautsch v. Premier Commc'ns*, 2008 WL 294271, *1 (W.D. Mo. Jan. 31, 2008). Still, plaintiffs need not show that they are identically situated. *Fast v. Applebee's Int'l., Inc.*, 243 F.R.D. 360, 363 (W.D. Mo. 2007). Instead, the Court considers the following factors to determine if plaintiffs are indeed similarly situated: (1) employment and factual settings of plaintiffs; (2) various defenses available to defendants; and (3) considerations of fairness, procedure, and manageability. *Bouaphakeo*, 564 F. Supp. 2d at 892. "The district court must assess these factors in light of 'the fundamental purpose of 29 U.S.C. § 216(b): (1) to lower costs to the plaintiffs through the pooling of resources; and (2) to limit the controversy to one proceeding which efficiently resolves common issues of law and fact that arose from the same alleged activity.'" *Id.* (citations omitted).

Plaintiffs request that the Court conditionally certify and approve notice to all potential class members for a class defined as:

> All direct support professionals who worked for Arkansas Support Network, Inc. from (*3 years from date of mailing*) and continuing through the date on which final judgment is entered in this action and who were classified as exempt from the Fair Labor Standards Act's minimum wage and overtime pay requirements at any time during this period.

4

(Doc. 14). In support of their motion to conditionally certify a collective action, Plaintiffs relied on sworn declarations by Ferguson and Coleman, setting forth allegations of wrongful conduct committed by Defendant. Having reviewed Plaintiffs' pleadings and sworn declarations, the Court finds Plaintiffs have met their burden to show that they are similarly situated to the potential class members to the extent necessary to justify court-authorized notice to the putative class.

Throughout their pleadings and sworn declarations, Plaintiffs establish that they and all potential plaintiffs shared the same job title (direct support professional), that all were employed by Defendant in Arkansas, that all worked over 40 hours without overtime compensation, were paid less than the minimum wage, or both, and that all were subject to the same alleged violation of the FLSA—Defendant's alleged policy of incorrectly classifying direct support professionals as exempt from the FLSA. Accordingly, Plaintiffs have come forward with substantial allegations that they and other similarly situated employees were victims of a common decision, policy, or plan to deprive them of compensation and, as a result, notice of the right to opt-in to this action should be sent to the putative class.

Defendant offers only cursory opposition to Plaintiff's request, contending that "[a]llegations ... are not proof [and] [s]o far, there is no proof of anything and certainly no proof of any violations of the FLSA." However, this argument overstates Plaintiffs' lenient burden at this stage. *See Resendiz-Ramirez*, 515 F. Supp. 2d at 941 ("The question before the Court in the present case is whether, under the lenient standard of the notice stage, the named Plaintiffs, through their pleadings and affidavits, have demonstrated that they are 'similarly situated' to the potential collective action members.")

The Court finds that Plaintiffs have met their lenient burden of establishing that they are similarly situated to other direct support professionals employed by Defendant because they have

made a modest factual showing that all direct support professionals were subject to a common decision, policy, or plan to deprive them of minimum wages and overtime compensation. Accordingly, the Court will conditionally certify this action for the purpose of giving notice.

### 2. Form of Notice

Plaintiffs have submitted a proposed notice and a proposed consent to join form. Defendant has not objected to the form of either of these documents. A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann–La Roche*, 493 U.S. at 170. The Court will manage the preparation and distribution of notice so that it is "timely, accurate, and informative." *Id.* at 172. A district court "has broad discretion regarding the 'details' of the notice sent to potential opt-in plaintiffs." *Butler v. DirectSat USA, LLC*, 876 F. Supp. 2d 560, 574 (D. Md. 2012) (citations omitted). The Court finds that the proposed notice and proposed consent to join form are "timely, accurate, and informative." *See Hoffmann–La Roche*, 493 U.S. at 172. Accordingly, the Court approves the proposed documents.

### 3. Dissemination of Notice and Requests for Information

Plaintiffs have also made various requests for information and requests for the means of disseminating notice. Defendant has not objected to these requests.

Plaintiffs request a 90-day opt-in period for the dissemination of notice. The Court finds that the proposed 90-day opt-in period is longer than necessary. Because most potential opt-in Plaintiffs are likely to be located in Arkansas, the Court finds that a 60-day opt-in period is sufficient and will better serve the interests of efficiently facilitating notice without further delaying this litigation. Accordingly, Plaintiffs' request for a 90-day opt-in period is denied and an opt-in period of 60 days will be authorized.

Plaintiffs request that the Court order Defendant to provide them with a list of all putative class members containing the last known contact information for each putative class member, including for each their name, last known address, telephone number, dates of employment, and e-mail address. The Court will grant this request. *See e.g., Melgar v. O.K. Foods, Inc.*, 2015 WL 1470092, at *2 (W.D. Ark. Mar. 31, 2015) ("The Court hereby directs Defendants to provide Plaintiffs' counsel with a complete, electronic list of putative class members, together with their current or last known address, phone number, and email address.").

Plaintiffs also request that the Court order Defendant to (1) mail the notice to all putative class members, (2) post notice of this lawsuit at relevant workplaces, and (3) include the notice in employees' next paycheck. The Court will grant the request to post the notice at relevant workplaces. *See Cruthis v. Vision's*, 2013 WL 4028523, at *8 (E.D. Ark. Aug. 7, 2013) (citing *Putnam v. Galaxy 1 Mktg, Inc.*, 276 F.R.D. 2011, 277–78 (S.D. Iowa 2011) ("[C]ourts routinely approve requests to post notice in common areas or on employee bulletin boards, even if there is an alternative form of notice.")). The Court will deny the requests to order Defendant to mail the notice and include the notice in employees' next paycheck. *See Sherrill v. Sutherland Global Services, Inc.*, 487 F.Supp.2d 344, 351 (W.D.N.Y. 2007) (Court denied proposal because "this proposal, in addition to the mailing of notice by counsel for plaintiffs, is broader than necessary."). Because the Court grants Plaintiffs' request for a list of all putative class members and their contact information, Plaintiffs' counsel has the ability to mail the notice, and Defendant should not be required to do so. If they prevail, Plaintiffs can seek to recover the cost of mailing the notice. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of

the action."). Further, because the notice will be mailed to all putative class members, there is no need to take the duplicative step of including it in employees' paychecks.

### III. Conclusion

IT IS THEREFORE ORDERED that Plaintiffs' motion (Doc. 14) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED insofar as the Court conditionally certifies the case as a collective action pursuant to 29 U.S.C. § 216(b) and authorizes notice to be sent to potential opt-in plaintiffs. The opt-in class will consist of all direct support professionals who worked for Arkansas Support Network, Inc. from 3 years from date of mailing and continuing through the date on which final judgment is entered in this action and who were classified as exempt from the Fair Labor Standards Act's minimum wage and overtime pay requirements at any time during this period. Upon receiving the information described below, Plaintiffs will have 60 days by which to distribute notice and file opt-in plaintiffs' signed consent to join forms with the Court.

IT IS FURTHER ORDERED that the motion is GRANTED insofar as Defendant is directed to provide Plaintiffs with a list of all putative class members containing the last known contact information for each putative class member, including for each their name, last known address, telephone number, dates of employment, and e-mail address. Defendant may provide this information ordered disclosed in any reasonable format. **Defendant has until Wednesday, May 30, 2018 to deliver the contact information to Plaintiffs.**

IT IS FURTHER ORDERED that Plaintiffs' counsel mail notice to all putative class members.

IT IS FURTHER ORDERED that the motion is GRANTED insofar as Defendant is directed to post notice of this lawsuit at relevant workplaces.

IT IS FURTHER ORDERED that the motion is DENIED as to Plaintiffs' request that Defendant mail the notice to all putative class members and include the notice in employees' next paycheck.

IT IS SO ORDERED this 9th day of May, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE