UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHAY FERGUSON, individually and on
behalf of all others similarly situated, et al.                                        PLAINTIFFS

v.                                        No. 5:17-CV-05257

ARKANSAS SUPPORT NETWORK, INC.                                        DEFENDANT

<u>**OPINION AND ORDER**</u>

Before the Court is Plaintiffs' motion (Doc. 44) for partial summary judgment, brief in support (Doc. 45), and statement of facts (Doc. 46).  Defendant filed a response (Doc. 47) in opposition to the motion, but did not file a response to the statement of facts.  For purposes of this motion, Plaintiffs' statement of facts is deemed admitted.  Fed. R. Civ. P. 56(e); W.D. Ark. R. 56.1(c).  The deadline for Plaintiffs to file a reply has not yet passed, but because Defendant's motion raises no issue unaddressed by Plaintiffs' motion, no reply is necessary.

Defendant employed Plaintiffs and those similarly situated as home health workers providing services in the homes of Defendant's customers.  Defendant misclassified Plaintiffs and those similarly situated as exempt from the FLSA's wage and overtime requirements under the Department of Labor's companionship services exemption.  In the instant motion, Plaintiffs ask the Court to decide as a matter of law that Defendant could not rely on the companionship services exemption for its employees as of January 1, 2015, that Defendant's continued application of this exemption after that day was a willful violation of the FLSA, and that Defendant's FLSA violation was not done in good faith and with reasonable basis.

On a motion for summary judgment, even where there is no dispute of material fact, the burden rests on the movant to show that judgment as a matter of law is appropriate.  Fed. R. Civ. P. 56(a).  Plaintiffs have met this burden with respect to the date of misclassification of employees.

1

*See Cummings v. Bost, Inc.*, 218 F.Supp.3d 978, 986 (W.D. Ark. 2016).   The Department of Labor's Final Rule precluding application of the companionship services exemption to home health workers employed by third-party employers was effective January 1, 2015.

Because all reasonable inferences must be granted in favor of the nonmovant, however, Plaintiffs have not shown that they are entitled to summary judgment on the remaining issues of Defendant's willfulness and whether Defendant acted in good faith based on a reasonable interpretation of the FLSA.   Defendant imprecisely argues that "questions of intent are not for the Court to decide."  (Doc. 47, p. 2).  Where the undisputed facts are such that a reasonable factfinder could only decide the issue of intent against a party, the Court may indeed resolve questions of intent on summary judgment.   In this case, however, a great deal of the evidence for Defendant's alleged willfulness and lack of good faith is inferential.   Due to then-pending appeals and Defendant's reliance on reimbursement for services in order to pay its employees, inferences can be drawn in Defendant's favor on the issues of intent and good faith.   It is immaterial whether these inferences are persuasive—that they are reasonable is enough to overcome summary judgment.

IT IS THEREFORE ORDERED that Plaintiffs' motion (Doc. 44) for partial summary judgment is GRANTED IN PART and DENIED IN PART.   The motion is GRANTED insofar as the Court finds as a matter of law that as of January 1, 2015, Defendant could not apply the companionship services exemption to Plaintiffs and those similarly situated.   The motion is otherwise DENIED and this matter remains pending.

IT IS SO ORDERED this 15th day of October, 2018.

*/s/ P. K. Holmes, III*

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE