IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHAY FERGUSON and JOSHUA COLEMAN,
individually and on behalf of all others
similarly situated                                                                      PLAINTIFFS

v.                                       CASE NO. 5:17-CV-5257

ARKANSAS SUPPORT NETWORK, INC.                                      DEFENDANT

---

JOINT MOTION TO APPROVE FLSA SETTLEMENT
AND INCORPORATED BRIEF IN SUPPORT

---

1. The parties ask that the Court approve their settlement, enter a stipulated judgment, and dismiss the matter with prejudice.

2. Under the Fair Labor Standards Act, parties typically seek Court approval of FLSA settlements. There is a circuit split regarding whether FLSA claims may be settled or waived without court approval. *Compare Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (requiring court review of FLSA settlements), *with Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (holding that private, nonjudicially reviewed settlement of FLSA claims between an employer and labor union on behalf of a class of workers was valid and enforceable because the parties had a bona fide dispute). When a district court reviews a settlement, it must determine that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist. LEXIS 205376, at*3 (W.D. Ark. Dec. 14, 2017). Regardless, there is a presumption in favor of allowing parties to settle their

own disputes, particularly when the range of possible outcomes differs substantially. *King v. Raineri Constr.*, LLC, No. 4:14-CV-1828 (CEJ), 2015 U.S. Dist. LEXIS 17215, at *9 (E.D. Mo. Feb. 12, 2015).

3. The settlement is fair and equitable. A copy of the parties' confidential agreement is presented to the Court for in camera review.

4. The Court already determined that the litigation involves a bona fide dispute as to whether Arkansas Support Network acted willfully, such that the statute of limitations is extended to three years, and whether it had a good faith and reasonable belief that its actions complied with the FLSA, such that liquidated damages are appropriate. (Doc. 48). The resolution of those two issues drastically effects the ultimate outcome in this case. If Arkansas Support Network were to prevail on either issue (either at trial or on appeal), most plaintiffs and opt-in plaintiffs would receive a judgment in an amount far less than the settlement amount and may even receive nothing.

5. The amounts to be paid to Plaintiffs and opt-in plaintiffs were calculated based on the records of the hours worked maintained by Arkansas Support Network. Arkansas Support Network was given credit for overtime previously paid and for the amounts paid (or to be paid) under Arkansas Support Network's agreement with the Department of Labor. If the calculation resulted in a payment of less than the back wages calculated by the Department of Labor, the plaintiff or opt-in plaintiff is receiving an amount equal to that calculated by the Department of Labor. Thus, the settlement amount is equal to or greater than the amount each plaintiff or opt-in plaintiff would receive if the case went to trial, even if they were successful on every remaining issue in the case.

6. The settlement is also fair and reasonable because Arkansas Support Network likely does not have the finances to pay any judgment that might be entered in this case. If plaintiffs and opt-in plaintiffs litigate the case to its conclusion, plaintiffs would have difficulty collecting any judgment they obtained. In addition to payments being made pursuant to Arkansas Support Network's agreement with the United States Department of Labor, Arkansas Support Network is also making structured payments to the Internal Revenue Service. Both liabilities would take priority over any judgment obtained in this case.

7. Because of Arkansas Support Network's precarious financial position, the parties have agreed for the settlement amount to be made in 48 equal installments.[1] Any plaintiff or opt-in plaintiff owed more than $1,000.00 will receive their settlement amount in six separate payments made according to the schedule contained in the parties' settlement agreement. Any plaintiff or opt-in plaintiff owed less than $1,000.00 will receive just one settlement payment at the time set forth in the schedule attached to the parties' settlement agreement. The payments are spaced out so that each plaintiff and opt-in plaintiff receiving payments in installments receives a payment at roughly the same frequency. Making the payments in this manner is fair and reasonable because it reduces administrative costs and avoids sending opt-in plaintiffs payments that would be less than $10.00. The method is similar to that used by the Department of Labor in scheduling back wage payments to Arkansas Support Network's employees (a group

---

[1] The final payment is $0.15 more than the other 47 because the settlement amount was not divisible by 48.

that includes plaintiffs and opt-in plaintiffs).

8. The agreement also provides for the payment of attorneys' fees, costs, and expenses. Just as with the amounts to be paid to plaintiffs and opt-in plaintiffs, the attorneys' fees, costs, and expenses will be paid out in installments. Plaintiffs' counsel will receive a payment during each month. The amount varies somewhat from month to month because the amount to be paid to plaintiffs and opt-in plaintiffs in any given month is not equal, and the attorneys' fee amount was used to balance the total to be distributed in a given month. The variation, however, does not result in Plaintiffs' counsel accruing payments for fees, costs, and expenses at a faster rate than plaintiffs and opt-in payments. Instead, the method frequently results in a smaller payment to plaintiffs' counsel than would result if the fee, cost, and expense amount were divided equally among the 48 payments.

9. The total amount of attorneys' fees, costs, and expenses are fair and reasonable. Plaintiffs and opt-in plaintiffs achieved complete success in the case and will receive an amount that is equal to or exceeds what they could recover at trial. Further, the case required a great deal of work. Plaintiffs' counsel spent over 570 hours preparing pleadings, analyzing documents, deposing witnesses, filing motions, sending notice, and communicating with plaintiffs and putative class members. Further, the attorneys' fees, costs, and expenses are just 34% of the total settlement amount which is in line with the ratio awarded in similar cases. *Mabry v. Hildebrandt*, No. 14-5525, 2015 WL 5025810 (E.D. Pa. August 24, 2015); *Lyons v. Gerhard's Inc.*, No. 14-06693, 2015 WL 4378514 (E.D. Pa. July 16, 2015); *Rouse v. Comcast Corp.*, No. 14-1115, 2015 WL 1725721 (E.D. Pa. April 15, 2015).

The amount is reasonable in light of the contingency risk. Plaintiffs' counsel took this case knowing that they would not receive anything unless the case was successful and resulted in a recovery to plaintiffs and opt-in plaintiffs.

10. Further, Plaintiffs' counsel will not receive the total attorneys' fees, costs, and expenses up front and will instead receive the amount over a 4-year period. Nor will Plaintiffs' counsel's work end after the settlement is approved. Plaintiffs' counsel will administer the settlement payments, which will take both time and some out-of-pocket expenses for postage and printing.

11. The settlement agreement represents a fair and equitable resolution of the matter. Plaintiffs and opt-in plaintiffs will receive an amount equal or greater than what they would recover at trial, and it avoids the risk that they will not be successful on the remaining issues in the case. Structuring the payments over time allows Plaintiffs and opt in plaintiffs a better opportunity to collect the amounts they are owed. The attorneys' fees, costs, and expenses are being paid separately and will not reduce plaintiffs' or opt-in plaintiffs' recovery. The settlement is fair and reasonable, and it should be approved.

Wherefore, the parties respectfully request that the Court approve their settlement, enter a stipulated judgment, and dismiss the matter with prejudice.

Respectfully submitted
this 20th day of November 2018,

By: */s/ Timothy A. Steadman*
John T. Holleman - AR Bar #91056
jholleman@johnholleman.net
Timothy A. Steadman – AR Bar #2009113
tim@johnholleman.net
Jerry D. Garner - AR Bar #2014134
jerry@johnholleman.net

**HOLLEMAN & ASSOCIATES, P.A.**
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5041

*Attorneys for Plaintiffs*

By: */s/ Shannon L. Fant*
Shannon L. Fant, AR Bar #97139
sfant@bassettlawfirm.com

**BASSETT LAW FIRM LLP**
221 North College Avenue
P.O. Box 3618
Fayetteville, Arkansas 72702
Tel. 479.521.9996
Fax 479.521.9600

*Attorney for Defendant*

Respectfully submitted
this 20th day of November 2018,

By: */s/ Timothy A. Steadman*
John T. Holleman - AR Bar #91056
jholleman@johnholleman.net
Timothy A. Steadman – AR Bar #2009113
tim@johnholleman.net
Jerry D. Garner - AR Bar #2014134
jerry@johnholleman.net

**HOLLEMAN & ASSOCIATES, P.A.**
1008 West Second Street
Little Rock, Arkansas 72201
Tel. 501.975.5040
Fax 501.975.5041

*Attorneys for Plaintiffs*

By: */s/ Shannon L. Fant*
Shannon L. Fant, AR Bar #97139
sfant@bassettlawfirm.com

**BASSETT LAW FIRM LLP**
221 North College Avenue
P.O. Box 3618
Fayetteville, Arkansas 72702
Tel. 479.521.9996
Fax 479.521.9600

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I certify that on November 20, 2018, the foregoing was filed electronically via the Court's CM/ECF system, which will send notice to:

Shannon L. Fant
sfant@bassettlawfirm.com
**BASSETT LAW FIRM LLP**
221 North College Avenue
P.O. Box 3618
Fayetteville, Arkansas 72702
Tel. 479.521.9996
Fax 479.521.9600

                                        By:    */s/ Timothy A. Steadman*
                                                       Timothy A. Steadman