UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SHAY FERGUSON and JOSHUA COLEMAN,
individually and on behalf of all others similarly situated                                        PLAINTIFFS

v.                                                  No. 5:17-CV-5257

ARKANSAS SUPPORT NETWORK, INC.                                                                     DEFENDANT

**OPINION AND ORDER**

Before the Court is the parties' joint motion (Doc. 53) to approve the settlement agreement and dismiss and a brief in support. The parties have also submitted by email a proposed confidential settlement agreement for the Court's review. The motion will be granted.

Plaintiffs filed this lawsuit on December 12, 2017, claiming that Defendant failed to pay minimum and overtime wages in violation of section 216(b) of the Fair Labor Standards Act ("FLSA"). On May 9, 2018, the Court conditionally certified the case as a collective action pursuant to 29 U.S.C. § 216(b) and authorized notice to be sent to potential opt-in plaintiffs. (Doc. 20). The parties now seek Court approval of their settlement agreement and a dismissal of all claims. The Court has reviewed the joint motion and confidential settlement agreement and will now approve the settlement agreement and grant the motion to dismiss.

"There are only two ways in which wage claims under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Lynn's Food Stores, Inc. v. United State*s, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Second, "[w]hen employees bring private actions for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353; *Beauford v. ActionLink*, 781 F.3d 396, 405 (8th Cir. 2015). The parties here propose

1

a stipulated judgement. The parties have set out in their settlement agreement the amounts due to each opt-in Plaintiff for unpaid wages and the amounts of liquidated damages agreed upon. Defendant will also continue making payments of back wages to Arkansas Support Network employees pursuant to an existing agreement with the U.S. Department of Labor. The parties have further agreed as to the amount of attorneys' fees that Defendant will pay Plaintiffs' counsel. The parties have agreed that Plaintiffs will voluntarily waive all wage or overtime related claims for compensation, including FLSA and Arkansas Minimum Wage Act claims.

Settlement agreements conditioned on confidentiality run counter to the policy of public access to judicial documents. There is a presumption of public access to judicial documents. Thus, in order for the Court to approve a confidential settlement agreement, the parties must demonstrate a need for confidentiality that outweighs the strong presumption to public access. *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012). The Court finds that Defendant in this case has demonstrated such necessity to overcome the presumption of public access for the reasons communicated to the Court and included in the settlement agreement. The Court is also satisfied that maintaining the confidentiality of the settlement agreement will not prevent other potential plaintiffs from receiving notice of a potential claim against Defendant for unpaid wages because all potential plaintiffs have received two notices of a potential claim.

Thus, the Court will analyze the parties' joint settlement. A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Lynn's Food*, 679 F.2d at 1353 n.8. The Court finds a bona fide dispute exists. Plaintiffs argued in their motion for partial summary judgment that Defendant willfully violated the FLSA, rather than acting in good faith based on a reasonable interpretation

of the FLSA.  However, Defendant argues in opposition that its violation was not willful, but rather was based on the belief that the Department of Labor's Final Rule precluding application of the companionship services exemption to home health workers would be appealed and overturned. The Court determined that their was a bona fide dispute regarding the willfulness of Defendant's action denying summary judgment on that issue.  Because a bona fide dispute exists as to whether Plaintiffs are entitled to minimum wage and overtime for their work, the Court must evaluate whether the settlement is fair.

The factors a court should consider in evaluating the fairness of a settlement depend on the unique circumstances of each case.  *Lewis-Ramsey v. Evangelical Lutheran Good Samaritan Soc'y*, 3:16-cv-00026, 2017 WL 821656 *5 (S.D. Iowa, Jan.10, 2017).  Among the factors courts have considered are: (1) the amount of overtime to which class members may be entitled; (2) how close to full compensation of class members' claims the proposed settlement provides; (3) whether the proposed settlement includes or excludes liquidated damages and/or attorney's fees and expenses; (4) the likely complexity, expense, and duration of the litigation if the settlement is not approved; and (5) what additional claims class members must release in order to receive compensation under the proposed settlement agreement.  *See Lewis-Ramsey*, 2017 WL 821656 at *4; *Loseke v. Depalma Hotel Corp.*, 4:13-cv-3191, 2014 WL 3700904 (D. Neb. July 24, 2014).

In reviewing these factors in relation to the joint motion and settlement agreement, the Court finds that the agreement is fair and reasonable.  The agreement appears to adequately compensate Plaintiffs for the amount of overtime pay which they allege was wrongfully withheld. The agreement also includes liquidated damages, even though the validity of liquidated damages is contested by the parties.  Plaintiffs waive only wage or overtime related claims and avoid an expensive and time-consuming trial that would likely reach a similar result to the settlement

agreement.

Finally, the parties provide billing records for the proposed attorneys' fees, costs, and expenses.  A reasonable rate is requested, and in light of the relief this settlement affords to each Plaintiff, the Court finds that this requested fee is reasonable.  This settlement appears to be the result of an arms-length negotiation between the parties based on the merits of the case.  It is informed by the facts revealed during discovery; it provides a substantial recovery to Plaintiffs considering the existing bona fide disputes, the merits of their case, and the likelihood of their success; and it contains no hallmarks of collusion.

IT IS THEREFORE ORDERED that the proposed confidential settlement agreement is approved in its entirety as fair and reasonable.

IT IS FURTHER ORDERED that the parties' joint motion to dismiss (Doc. 53) is GRANTED and this case is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 11th day of December, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE